UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANGELA ADAMS LICENSING, LLC, et al., )
)
)
    Plaintiffs )
)
v. ) No. 2:11-cv-229-GZS
)
WALMART STORES, INC., et al., )
)
    Defendants )

### *RECOMMENDED DECISION ON DEFENDANTS' MOTIONS TO DISMISS*

In this copyright case, remaining for resolution are the defendants' motions to dismiss Count Two of the complaint.[1] I recommend that the court deny the motions.

### I. Walmart Defendants' Motion to Dismiss

### A. Applicable Legal Standard

Defendants Walmart Stores, Inc., and Walmart.Com USA, LLC move to dismiss Count Two under Fed. R. Civ. P. 12(b)(6). Walmart Stores, Inc. and Walmart.Com USA, LLC's Motion to Dismiss for Failure to State a Claim and Dismiss or Sever for Misjoinder ("Walmart Motion") (Docket No. 19) at 1. Count Two alleges infringement of the plaintiff's Manfred copyright by "Hometrends" area rugs. Complaint (Docket No. 1) at 7-8.

With respect to Rule 12(b)(6), as the Supreme Court has clarified:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[1] Count I has been dismissed, Docket No. 30, and defendant Mohawk's motion in the alternative to transfer, incorporated in its motion to dismiss, is therefore moot, as is the Walmart defendants' motion in the alternative to sever, incorporated in their motion to dismiss.

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Id*. "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## B. Factual Background

The complaint includes the following relevant allegations. In 1999, Angela Adams was issued U.S. copyright registration number VAu 448-267, with an effective date of February 10, 1999, for a design with the title "Manfred." Complaint ¶ 12. On October 27, 2004, this copyright registration was assigned to plaintiff Angela Adams Licensing, LLC. *Id.* In and around 2004, Angela Adams Licensing officers met with Mohawk representatives at the Mohawk showroom in New York. *Id*. ¶ 14. Angela Adams Licensing did not enter into a business relationship with Mohawk and did not authorize it to reproduce the Manfred copyright. *Id*. ¶ 15.

In or around May 2011, the Walmart defendants launched an area rug manufactured by Mohawk that is substantially similar to a Manfred bedding design developed in 2007 by Angela Adams Licensing for one of its licensees. *Id*. ¶¶ 16-17. In or around the first quarter of 2011,

Mohawk introduced another area rug that is substantially similar to Angela Adams Licensing's Manfred copyright. *Id*. ¶ 18. Each of the Mohawk rugs contain the recognizable and distinctive rounded square shapes that have become associated with Angela Adams Licensing and registered as its trademarked logo. *Id*. ¶ 19.

The Walmart defendants and Mohawk manufacture, distribute, sell, and offer for sale area rugs in various sizes with the product names "Hometrends Ellington Rug" or "Hometrends Chainlink Rug" that infringe the plaintiff's Manfred copyright. *Id*. ¶ 31. The plaintiff has been damaged by the infringement. *Id*. ¶¶ 34-38.

### C. Discussion

#### 1. Copyright Registration

The Walmart defendants contend that, because the plaintiffs do not hold a copyright for the particular Manfred design of which they claim infringement, they cannot seek to recover from the Walmart defendants. Walmart Motion at 3. They assert that the complaint alleges infringement only of a 2007 design, while the copyright was issued for a 1999 design. *Id.*

The plaintiffs respond that the 2007 design is a derivative work that may be the basis of a claim for copyright infringement, so long as only the originally copyrighted elements serve as the basis for the comparison. Plaintiffs' Opposition to the Walmart Defendants' Motion to Dismiss ("Plaintiffs' Walmart Opposition") (Docket No. 28) at [3]. Their response is short on specifics, however, essentially presenting photocopies of the copyrighted design, the 2007 design, and the alleged infringing design, and saying that this "demonstrate[s] the carry-through of the original, protectable elements of the registered copyright both in the 2007 design and in the accused products[.]" *Id.* [5].

This presentation assumes that the observer knows what the "protectable elements" of the 1999 design were. The defendants' reply is not more illuminating; they argue merely that the case law cited by the plaintiffs did not involve evaluation of the plaintiffs' derivative work "as the infringed design." Walmart Stores, Inc. and Walmart.com USA, LLC's Reply in Support of Motion to Dismiss for Failure to State a Claim ("Walmart Reply") (Docket No. 32) at 1-2. This response puts too fine a point on the cited case law. *See Johnson v. Gordon*, 409 F.3d 12, 20 (1st Cir. 2005); *Edgenet, Inc. v. GS1 AISBL*, 742 F.Supp.2d 997, 1022-23 (E.D.Wis. 2010); *Lamb v. Starks*, 949 F. Supp. 753, 756 (N.D.Ca. 1996).

Further, and more important, the plaintiffs correctly point out, Walmart Opposition at [2], that Count Two alleges that the defendants infringe the 1999 Manfred copyright. Complaint ¶¶ 31-32. Therefore, any mention of the 2007 design in the complaint is not dispositive in any event.

The defendants are not entitled to dismissal on this basis.

## 2. Misjoinder

The Walmart defendants further contend that they have been misjoined in this action, Walmart Motion at 11-14, but their argument involves only a former defendant, Target, so that portion of the motion appears to be moot, now that Target is no longer a party.

## D. Conclusion

For these reasons, I recommend that the court find that the Walmart defendants are not entitled to dismissal of Count Two.

4

## II. Mohawk's Motion to Dismiss

### A. Legal Standard and Factual Background

Sections I.A and B of this recommended decision apply equally to the motion to dismiss filed by Mohawk Industries, Inc.

### B. First-to-File Rule

Mohawk contends that an action filed earlier by "Angela Adams" in this court "against Wal-Mart involving the exact same copyright and 'Ellington' design at issue in this action[,]" requires dismissal of the complaint against Mohawk "in the interest of judicial comity." Defendants Mohawk Industries, Inc. and Target Corporation's Motion to Dismiss the Complaint or, in the Alternative, Transfer to the Northern District of Georgia ("Mohawk Motion") (Docket No. 24) at 5-6. Mohawk's argument is based on the "first-to-file" rule, which, according to Mohawk, "recognizes that 'federal district courts—sister courts of coordinate jurisdiction and equal rank—should, in the interests of comity and sound judicial administration, normally dismiss . . . the second-filed action when two identical actions are filed in courts of concurrent jurisdiction.'" *Id*. at 6 (quoting *Fredrick v. St. Matthew's Univ. Cayman, Ltd.*, Civil No. 06-52-P-H, 2006 WL 1329994 (D. Me. May 12, 2006)). It concludes with the assertion that "the first filed venue is generally preferred in a choice of venue decision." *Id*.

The plaintiffs respond that this rule is not applicable when the two actions at issue are filed in the same judicial district. Plaintiffs' Opposition to Defendants Mohawk Industries, Inc. and Target Corporation's Motion to Dismiss (Docket No. 31) at 2. They add, *id*. at 2-3, that the product at issue "hit the market nearly a year after" the products at issue in the earlier-filed action, *Angela Adams Licensing, LLC v. Wal-Mart Stores, Inc.*, No. 2:11-cv-5-GZS. They agree that the same copyright is at issue, but assert that the subject matter and relief sought in the two

actions differ. They also state that they would be amenable to consolidation of the two actions. *Id.* at 3.

Mohawk ignores this last invitation in its reply and correctly cites case law from the District of Connecticut and the Second Circuit in which priority was given to a first-filed action over another brought in the same judicial district. Defendant Mohawk Industries, Inc.'s Reply in Further Support of Motion to Dismiss the Complaint (Docket No. 33) at 2. *See Smith v. United Fed'n of Teachers*, 162 F.3d 1148 (table), 1998 WL 639756 (2d Cir. Mar. 26, 1998); *Vega v. Rell*, No. 3:09-cv-737 (VLB), 2011 WL 2471295, at *12 (D. Conn. June 21, 2011); *Damato v. Murphy*, No. 3:08cv1425(WWE), 2008 WL 4534265 (D. Conn. Oct. 6, 2008). However, these cases involved identical claims and the same parties.

It is also true, as Mohawk states, that in *Curcio v. Hartford Fin. Servs. Group*, 472 F.Supp.2d 239, 243-44 (D. Conn. 2007), the court applied the prior pending action doctrine to dismiss a second action asserting claims arising out of the same events against a different defendant, while allowing the plaintiff to join that defendant in the prior action and to amend that complaint to include the claims asserted in the second action. Notably, however, the court did not merely dismiss the second action altogether.

Here, the claims asserted against Mohawk are based on the same copyrighted design, but the allegedly infringing products are not the same. Under these circumstances, neither dismissal nor a stay[2] of this action is warranted.

---

[2] Mohawk asks the court to stay this action if it does not grant the motion to dismiss "to avoid duplicative litigation and potentially inconsistent results." Mohawk Motion at 2 n.1. As this case is presently constituted, there is no possibility of inconsistent results, as the two challenged designs are distinct and different. The best way to avoid any duplication would be for Mohawk to agree to consolidation of the two cases, which it has apparently declined to do.

### III. Conclusion

For the foregoing reasons, I recommend that the motions to dismiss of the Walmart defendants (Docket No. 19) and Mohawk (Docket No. 24) be **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 18th day of November, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge